UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HENRY DELUNA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:11-CV-240 |
| | § | |
| SODEXO, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I.   Factual and Procedural Background

Now before the Court is the Motion for Summary Judgment filed by Defendants "Sodexo Services of Texas Limited Partnership a/d/b/a SDH Education East LLC, Sodexo, Inc., and affiliated companies." (Doc. 28). Plaintiffs Henry De Luna, Roberto Gaona, Daniel Richardson, and Alfredo Serna originally filed suit against Defendants on July 7, 2011 in County Court at Law No. 5, Hidalgo County, Texas. (Doc. 1, Ex. 1). On August 2, 2011, Defendants properly removed the case to this Court on the grounds that the Court has diversity jurisdiction over the action. (Doc. 1; *see also* Doc. 18). Plaintiffs' First Amended Complaint[1] generally alleges that while employed by Defendants, Plaintiffs were subjected to unlawful harassment and retaliation, and that they were dismissed "for false reasons." (Doc. 21 at ¶ 3). Plaintiffs assert solely state-law causes of action against Defendants for disparate treatment, disparate impact, and retaliation under the Texas Commission on Human Rights Act ("TCHRA"), "wrongful termination," and breach of contract. *Id.* at ¶¶ 4-9. Defendants move for summary judgment on various grounds, among them that Plaintiffs cannot raise a genuine issue of material fact on all of the required

---

[1]   This is the live pleading in the action and differs in no substantive way from Plaintiffs' Original Petition.  *See* (Doc. 1, Ex. 1; Doc. 21).

elements of their TCHRA claims. (Doc. 28). Defendants also contend that Plaintiffs cannot maintain their remaining claims on the basis of any contractual obligation imposed by their employer's handbook or policies. (Doc. 44). Upon consideration of Defendants' Motion, the parties' responsive briefing, and the evidence presented, the Court finds these arguments dispositive and that summary judgment must be granted for the following reasons. *See* (Docs. 28, 43, 44).

## II. Motion for Summary Judgment

### A. Standard of Review

A district court must grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the lawsuit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings and materials in the record, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a), (c). Once the moving party carries its burden, the burden shifts to the nonmovant to go beyond the pleadings and provide specific facts showing the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 324; FED. R. CIV. P. 56(c). In conducting its review of the summary judgment record, the court "may not make credibility determinations or weigh the evidence" and must resolve doubts and reasonable inferences regarding the facts in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255; *Dean v. City of Shreveport*,

438 F.3d 448, 454 (5th Cir. 2006). However, the nonmovant cannot satisfy its burden with "conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *see also Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.").

**B.     TCHRA Claims**

**1.     Disparate Treatment**

Under the assumption that Plaintiffs are claiming disparate treatment in the form of national origin and/or race discrimination, Defendants first argue that summary judgment is warranted because no evidence exists that Defendants' legitimate, nondiscriminatory reasons for Plaintiffs' terminations were pretext for such discrimination. (Doc. 28). Plaintiffs' response states that they "do not make claims arising from their race," and appear to complain solely of retaliation based on their protected conduct and/or a general inequity in the manner in which Defendants chose to discipline their employees, regardless of those employees' national origin or race. (Doc. 43). However, as Plaintiffs' response does not formally abandon their disparate impact claim, the Court will proceed to consider Defendants' request for summary judgment on that claim.

The TCHRA provides that an employer may not discharge or otherwise discriminate against an employee because of his "race, color, disability, religion, sex, national origin, or age." TEX. LAB. CODE § 21.051. Under the well-established framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must first establish a *prima facie* case of discrimination by showing that he (1) is a member of a protected class; (2) was discharged; (3)

was qualified for the position from which he was discharged; (4) was replaced by someone outside the protected class, treated less favorably than similarly situated members outside the class, or otherwise discharged because of his protected characteristic. *E.g.*, *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 356 (5th Cir. 2005) (applying *McDonnell Douglas* framework to TCHRA claim at summary judgment stage); *Yselta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (citing *Reeves*, 530 U.S. at 142).[2] The burden then shifts to the defendant to proffer a legitimate, nondiscriminatory reason for the discharge. *Machinchick*, 398 F.3d at 356. The burden on the employer at this stage is "one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves*, 530 U.S. at 142 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)). If the defendant comes forward with a nondiscriminatory reason, the plaintiff must then show (1) that the reason was pretext for discrimination or, (2) even if the reason is true, that another motivating factor was the protected characteristic. *Machinchick*, 398 F.3d at 356; TEX. LABOR CODE § 21.125(a) (unlawful employment practice established when complainant demonstrates that protected characteristic was "a motivating factor" for employment practice, even if other factors also motivated practice).

Here, it is undisputed that Plaintiffs' former employer, SDH Education East LLC ("Sodexo"), has a contract with The University of Texas Pan-American ("UTPA") to operate UTPA's food services, and that Sodexo employed all four Plaintiffs in food service roles at UTPA. (Doc. 28-5 at ¶¶ 1-2; Doc. 43, Ex. A at ¶¶ 2-3; Ex. B at ¶¶ 2-3; Ex. C at ¶¶ 2-3). De Luna, Gaona, and Serna are allegedly of Hispanic national origin, and Richardson is African-American. (Doc. 28; Doc. 43, Ex. B at ¶ 8). Even assuming that Plaintiffs could establish their

---

[2] "The TCHRA was enacted to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964,'" and one of its primary goals is to "'coordinate state law with federal law in the area of employment discrimination.'" *E.g.*, *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (quoting TEX. LAB. CODE § 21.001(1); *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000)). Therefore, courts turn to cases interpreting Title VII to guide their reading of the TCHRA. *Id.* at 308.

*prima facie* case, Gaona, Serna, and Richardson all admit to the conduct constituting Sodexo's legitimate, nondiscriminatory reasons for their respective terminations: Gaona lied on his employment application about his criminal history, Serna missed work when he was jailed for an apparent probation violation, and Richardson used inappropriate language in the workplace. (Doc. 28, Ex. A at pp. 20-22, Exs. 24-27; Ex. B at pp. 50-51, 91-93; Ex. C at pp. 63-65; Doc. 28-5 at ¶¶ 3, 5, 7; Doc. 43, Ex. B at ¶ 8; Ex. C at ¶ 5; Ex. D). Sodexo's proffered, nondiscriminatory reason for De Luna's termination is "continued [job] performance issues," and although De Luna generally disagrees with Sodexo's assessment of his work, this disagreement does not place in genuine dispute whether that reason was pretext for discrimination. (Doc. 28-5 at ¶ 10); *see Hicks*, 509 U.S. at 515 ("[A] reason cannot be proved to be a 'pretext for *discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.") (emphasis in original).[3] Plaintiffs complain that they were singled out for termination on the bases of Defendants' proffered reasons while other employees who committed similar or other violations of Sodexo policies were not, but they produce no evidence that all such employees were outside Plaintiffs' protected class of Hispanics or African-Americans. *See* (Doc. 43 at Exs. A-D). Therefore, the Court finds that Plaintiffs have failed to present evidence that the reasons for their terminations, however unequal in their application, were pretext for national origin or race discrimination, or that such discrimination was another motivating factor in Sodexo's decision to terminate their employment. Accordingly, the Court must enter summary judgment on Plaintiffs' disparate treatment claim.

---

[3] It is also worth noting that De Luna at least admits to receiving a counseling notice and corrective action plan, and to failing an audit. (Doc. 43, Ex. A at ¶¶ 8, 11).

**2.    Disparate Impact**

Plaintiffs do not respond to Defendants' request for summary judgment on Plaintiffs' disparate impact claim, and it is clear that Defendants' request must be granted. *See* (Docs. 28, 43). "Disparate-impact discrimination…addresses employment practices or policies that are facially neutral in their treatment of…protected groups, but, in fact, have a disproportionately adverse effect on such a protected group." *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). To establish a disparate impact claim, a plaintiff must show "(1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 275-76 (5th Cir. 2008). Plaintiffs do not even attempt to point to any Sodexo practice or policy that is facially neutral but has a disproportionately adverse effect on Hispanics, African-Americans, or any other protected group. Therefore, the Court must enter summary judgment on Plaintiffs' disparate impact claim.

**3.    Retaliation**

Defendants request summary judgment on Plaintiffs' retaliation claim on the grounds that Plaintiffs engaged in no protected activity under the TCHRA, and moreover that they cannot show that Defendants' legitimate, nondiscriminatory reasons for their terminations were pretextual. (Doc. 28). To establish a *prima facie* case of retaliation under the TCHRA, a plaintiff must show that (1) he engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *E.g.*, *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). A plaintiff engages in protected activity if, under the TCHRA, he (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an

investigation, proceeding, or hearing. TEX. LAB. CODE § 21.055. If the plaintiff establishes his *prima facie* case, the burden then shifts to the defendant to demonstrate a legitimate, nondiscriminatory purpose for the adverse action. *Pineda*, 360 F.3d at 487. As § 21.125(a) and its "motivating factor" language do not apply to claims for retaliation under § 21.055, the plaintiff must then establish pretext by showing that without his protected activity, the defendant's prohibited conduct would not have occurred. *Id.* at 360 F.3d at 487-89. As Defendants correctly observe, the difficulty with Plaintiffs' retaliation claim is that no evidence exists that any Plaintiff opposed a practice deemed discriminatory under the TCHRA. (Docs. 28, 44). De Luna offers evidence that he assisted a co-worker, Alvin Gomez, in complaining to Sodexo when Gomez failed to receive an annual raise and back pay to which he was entitled. (Doc. 43, Ex. A at ¶¶ 5-7). However, De Luna does not attempt to assert, nor does the record indicate, that these were complaints of discrimination on the basis of any protected characteristic. *See generally* (Doc. 43, Ex. A). As no evidence exists that any Plaintiff opposed any discriminatory practice under the TCHRA, Plaintiffs cannot possibly show that their terminations for legitimate, nondiscriminatory reasons were pretextual. For these reasons, the Court must grant summary judgment on Plaintiffs' retaliation claim.

C.     **Wrongful Termination and Breach of Contract Claims**

Although Plaintiffs plead that they are suing for breach of contract as third-party beneficiaries of a Food Service Agreement between Sodexo Services of Texas Limited Partnership and UTPA, their response abandons this theory of recovery. *See* (Doc. 7-4; Doc. 21 at ¶ 8; Doc. 43). Instead, Plaintiffs merge the breach of contract claim with their wrongful termination claim brought under the theory that Sodexo's Employee Handbook, and Sodexo's inconsistent enforcement of its policies, created a contractual obligation to terminate Plaintiffs

for good cause only. *See* (Doc. 21 at ¶ 6; Doc. 43; Doc. 43, Ex. A at pp. 6-9). "The long-standing rule in Texas provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary." *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993). Plaintiffs' response cites to cases purporting to hold that "[w]hen an employer's handbook or policy manual contains detailed procedures for discipline and discharge and expressly recognizes an obligation to discharge for good cause only, a contract modifying the at-will rule may be found," but fail to specify how the Employee Handbook excerpt they provide meets this test. (Doc. 43; Doc. 43, Ex. A at pp. 6-9). Further, this Court cannot ignore the Texas Supreme Court's directive that "[a] disclaimer in an employee handbook…negates any implication that a personnel procedures manual places a restriction on the employment at will relationship," *Dutschmann*, 846 S.W.2d at 283 (citing cases), and that Defendants have provided an excerpt from the Employee Handbook stating as follows:

> *[P]lease understand that…your employment with us is for no definite period and is terminable at any time by either you or us, with or without cause.…* **This Handbook is not a contract of employment.** *It does not create any contractual commitment by Sodexo and does not guarantee employment for any period, or create or contribute in any way to a legal cause of action against the Company. We reserve the right to change, modify, and/or discontinue any of the policies contained in this Handbook, and the right to interpret and apply this Handbook in our discretion.*

(Doc. 44, Ex. A at DEF 000984) (emphasis in original). This provision negates any argument by Plaintiffs that the Employee Handbook modified their at-will status and created a contractual obligation to discharge them for good cause only. Further, as Defendants point out, no evidence exists that Sodexo failed to enforce its policies against Plaintiffs for any significant length of time so as to waive its ability to terminate them for violations of the same policies. *See* (Doc. 44); *Goodyear Tire & Rubber Co. v. Padilla*, 879 S.W.2d 47 (Tex. 1994) (cited by Plaintiffs in their response and holding that employer's failure to enforce anti-nepotism policy against

plaintiff for 17 years constituted waiver of right to terminate employee for violation of same policy). Plaintiffs also present no evidence of waiver in the form of an express representation by Sodexo to any Plaintiff that the conduct for which he was eventually discharged did not violate Sodexo policy. *See Miksch v. Exxon Corp.*, 979 S.W.2d 700 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) (cited by Plaintiffs and holding that genuine issue of material fact existed as to whether supervisor's oral statement to plaintiff that she was not violating employer's policy modified plaintiff's at-will status, therefore precluding summary judgment on her claim that employer wrongfully terminated her for violating same policy). That Sodexo allegedly enforced its policies inconsistently with regard to various of its UTPA employees does not give rise to a wrongful termination or breach of contract cause of action by Plaintiffs under Texas law, and the Court must therefore enter summary judgment on these claims.

**III. Conclusion**

For the foregoing reasons, the Court hereby **ORDERS** that Defendants' Motion for Summary Judgment is **GRANTED**.

SO ORDERED this 12th day of February, 2013, at McAllen, Texas.

_____
Randy Crane
United States District Judge